## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

EDDIE FRANK FLOYD III,

    Plaintiff,

v.

MR. TOOL, et al.,

    Defendants.

CIVIL ACTION NO.: 6:18-cv-7

FILED
Scott L. Poff, Clerk
United States District Court

By mgarcia at 10:47 am, Nov 26, 2019

### ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought this action while incarcerated at Smith State Prison in Glennville, Georgia, to challenge certain conditions of his confinement under 42 U.S.C. § 1983. Doc. 1. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** any claims by Plaintiff against Defendants for monetary damages in their official capacities, **DISMISS** Plaintiff's Eighth Amendment claims, **DISMISS** Plaintiff's Equal Protection claims, and **DENY** Plaintiff's various requests for injunctive relief. As to any dismissed claims, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

The Court, however, **DIRECTS** Plaintiff to file a Second Amended Complaint within 14 days of the date of this Order with regard to his First Amendment claims of retaliation and interference with his mail, in compliance with the directions outlined herein. The Court further **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the 42 U.S.C. § 1983 form complaint.

## BACKGROUND[1]

Plaintiff, in his initial Complaint, names a multitude of Defendants within the Georgia Department of Corrections, to include the state Commissioner, the Warden of Smith State Prison, and twelve correctional officers. See Doc. 1 at 1–2. Plaintiff also filed another document that appears to be an Amended Complaint, outlining many of the same allegations as the original Complaint, but also including a different list of Defendants, some of which were included in the original Complaint and some of which were not. Doc. 4. Plaintiff also filed three "witness statements," identifying even more prison officials he accuses of wrongdoing. See Docs. 3, 5, 6.

In his initial Complaint, as well as the three witness statements, Plaintiff alleges that inmates and administration continuously subjected him to verbal harassment, including calling him names like "rat" and "snitch" and trying to make him kill himself. Doc. 1 at 3; Docs. 3, 5, 6. Plaintiff alleges he was denied protective custody, despite informing prison officials that his life had been threatened. Doc. 1 at 4. He also alleges Defendants gave inmates information in his personal file, including disclosing his personal information over the prison radio system. Id. at 3. He alleges Defendants interfered with his mail in various ways. Id. at 3–5. Plaintiff also alleges he was denied access to his G.O.A.L. device (an educational electronic device) and to the prison kiosk, while other inmates were not. Id. at 3–4. He claims prison officials were retaliating against him for prior lawsuits he had filed. Id.

Plaintiff's Amended Complaint repeats many of the allegations of his initial Complaint, but also includes statements that are implausible, and potentially delusional, such as an allegation that one of the Defendants said she killed Plaintiff's brother with "voodoo, black magic" and an

---

[1] During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

2

allegation that Defendants made copies of his books and screenplays, and then gave his ideas to a publishing company.  Doc. 3 at 2–3.

## STANDARD OF REVIEW

Plaintiff is bringing this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous, malicious, or if it fails to state a claim upon which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleadings contained in the Federal Rules of Civil Procedure when reviewing a complaint on an application to proceed *in forma pauperis*.  See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . ." (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003))). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

I. **Official Capacity Claims**

Plaintiff has brought claims against each Defendant "individually and in his official capacity." Doc. 1 at 3; Doc. 4 at 1. To the extent Plaintiff is seeking monetary damages from Defendants in their official capacities, Plaintiff cannot sustain a § 1983 claim against them. See generally Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989); see also Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) ("Such an action is barred, because any damage award would be paid out of the state treasury, an impermissible occurrence under our constitutional scheme."). Therefore, I **RECOMMEND** the Court **DISMISS** Plaintiff's § 1983 claims for monetary relief against Defendants in their official capacities.

II. **Eighth Amendment Claims**

Plaintiff alleges Defendants violated his Eighth Amendment rights when they failed to place him in protective custody after he told them he feared for his life. Doc. 1; Doc. 4 at 1. "When officials become aware of a threat to an inmate's health and safety, the [E]ighth [A]mendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990). However, "[t]he known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference." Id. (citation and quotation marks omitted). In this case, Plaintiff only alleges that generalized verbal threats were made against him. See Docs. 1, 4. The Court determines that Plaintiff fails to allege a strong likelihood of injury so as to constitute a violation of the Eighth Amendment. As stated by the Eleventh Circuit, "petitioner must allege more than that he has been subjected to 'verbal taunts. . . . [h]owever distressing' in order to make a claim that jailers have violated their duty of

5

protection or deprived the petitioner of his constitutional rights." Edwards v. Gilbert, 867 F.2d 1271, 1273 n.1 (11th Cir. 1989) (citation omitted).

To the extent Plaintiff complains of taunts and harassment by prison officials, he again fails to allege anything that would amount to a violation of the Eighth Amendment's proscription on cruel and unusual punishments. See Hernandez v. Fla. Dep't of Corr., 281 F. App'x 862, 866 (11th Cir. 2008) ("[A]llegations of verbal abuse and threats by the prison officers did not state a claim because the defendants never carried out these threats and verbal abuse alone is insufficient to state a constitutional claim.").

Plaintiff also makes vague allegations of excessive force, see doc. 4 at 2, and the denial of requested medical attention, see doc. 4 at 3, but he completely fails to allege any factual bases for these allegations. As a result, the Court finds Plaintiff fails to state a claim under the Eighth Amendment for either excessive force or deliberate indifference to his medical needs. See Twombly, 550 U.S. at 555 (holding plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice).

Based on the above, I **RECOMMEND** the Court **DISMISS** all of Plaintiff's Eighth Amendment claims against Defendants.

### III.    Equal Protection Claims

Plaintiff has alleged that Defendants violated his right to equal protection by not allowing him to sync his G.O.A.L. device and by not allowing him to go to the kiosk by himself, while other inmates on administrative segregation were allowed to do these things. Doc. 1 at 4; Doc. 4 at 1, 3. The Eleventh Circuit addressed a similar situation in Jackson v. Brewton, where the plaintiff complained his Fourteenth Amendment equal protection rights were violated when the defendant withheld privileges from him that were afforded to other inmates in administrative

segregation. 595 F. App'x 939, 943 (11th Cir. 2014). The Eleventh Circuit dismissed the plaintiff's claim because the plaintiff failed to allege "that any disparate treatment he received was based on a constitutionally protected interest [such as race, religion, or national origin]." Id. Similarly, in the present case, Plaintiff has failed to allege his treatment was based on a constitutionally protected interest. As a result, Plaintiff fails to state a violation of the Equal Protection Clause, and I **RECOMMEND** the Court **DISMISS** Plaintiff's equal protection claims against Defendants.

### IV.     Requests for Injunctive Relief

Plaintiff makes various requests for injunctive relief, all of which should be denied. First, Plaintiff requests Defendants be incarcerated, and he repeatedly seeks to press charges against them. See Doc. 1 at 5; Docs. 3, 5, 6; Doc. 4 at 3. Plaintiff, however, does not have a constitutional right to have criminal proceedings commenced against Defendants. See United States v. Batchelder, 442 U.S. 114, 124 (1979) ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion."); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."); Otero v. U.S. Attorney Gen., 832 F.2d 141, 141 (11th Cir. 1987). Accordingly. I **RECOMMEND** the Court **DENY** Plaintiff's requested relief.

Plaintiff also requests Defendants be fired from their positions. Doc. 1 at 5; Doc. 4 at 3. As "federal courts have no authority to address state officials out of office or to fire state employees," Newman v. Alabama, 559 F.2d 283, 288 (5th Cir. 1977), *rev'd on other grounds sub nom.*, Alabama v. Pugh, 438 U.S. 781 (1978), I **RECOMMEND** the Court **DENY** Plaintiff's requested relief.

7

As to Plaintiff's request for a name change, see doc. 1 at 5, this is something Plaintiff must pursue through state law avenues and not through a § 1983 claim. Accordingly, I **RECOMMEND** the Court **DENY** this request as well.

Plaintiff also complains that Defendants disclosed his personal information to other inmates and requests the Court to issue injunctive relief to stop such disclosures. Doc. 1 at 5. Specifically, Plaintiff alleges Defendants broadcast the names of his parents over the radio and revealed the contents of his mail. Doc. 1 at 3, 5; Doc. 4 at 2. However, Plaintiff's allegations concerning the disclosure of personal information do not rise to the level of a constitutional violation. See Zaffuto v. City of Hammond, 308 F.3d 485, 491 (5th Cir. 2002) ("[D]*e minimis* disclosures cannot be the basis of liability under the Fourteenth Amendment's confidentiality branch and § 1983."); Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir. 1993) (holding that violation of constitutional right of privacy requires "shocking degradation or an egregious humiliation . . . to further some specific state interest, or a flagrant breech of a pledge of confidentiality"); Davis v. Bucher, 853 F.2d 718, 719–21 (9th Cir. 1988) (declining to extend right to privacy to include right of inmate to be free from state official's unauthorized disclosure of intimate photographs of inmate's wife). As a result, there is no basis for relief under § 1983 with regard to the disclosure of his personal information, and I **RECOMMEND** the Court **DENY** Plaintiff's request for injunctive relief.

## V.     Leave to Appeal *in Forma Pauperis*

If the Court adopts this recommendation, the Court should also deny Plaintiff leave to appeal *in forma pauperis* as to any dismissed claims.[2] Though Plaintiff has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed.

---

[2]     A certificate of appealability is not required in this § 1983 action.

R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal as to any dismissed claims.

## REMAINING CLAIMS

After performing its review under § 1915A, the only claims that remain—at this time—are Plaintiff's First Amendment claims of retaliation and interference with his mail. However, as the pleadings stand, the Court cannot determine which, if any, of Plaintiff's First Amendment claims are viable against which Defendants. Numerous prison officials have been named, and it is unclear which claims correspond with which Defendants. The Court further informs Plaintiff

that he may not join unrelated claims and various defendants unless the claims arise out of the **same transaction, occurrence, or series of transactions or occurrences**. Fed. R. Civ. P. 20(a).

However, the Court will provide Plaintiff the opportunity to amend his Complaint regarding his First Amendment claims and **DIRECTS** Plaintiff to file a Second Amended Complaint within 14 days from the date of this Order. The Court also **DIRECTS** Plaintiff to:

(1) draft his Second Amended Complaint on the complaint form provided by the Clerk of Court;

(2) clearly caption it as a Second Amended Complaint and place the civil action number of this case on the first page of the form;

(3) add no more than ten (10) pages to the form;

(4) write legibly and only on one side of each page;

(5) list each intended defendant by name and position;

(6) provide only factual allegations concerning events where the rights of Plaintiff himself were violated or Plaintiff himself was injured, including the date and location of each alleged violation;

(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences;

(8) clearly identify each defendant responsible for each alleged violation; and

(9) omit all legal argument or conclusions.

The Court **DIRECTS** the Clerk of Court to forward the appropriate 42 U.S.C. § 1983 complaint form to Plaintiff, together with a copy of this Order. Failure to timely file a Second Amended Complaint may result in a dismissal of this case.

The Court also notes that many of the allegations contained in the Complaint and subsequent filings are the sort of allegations that courts have routinely deemed as delusional or fantastical, and therefore, subject to dismissal.  See, e.g., Lanier v. Riley, No. 2:06CV353, 2006 WL 1476022, at *1 (M.D. Ala. May 24, 2006) (dismissing complaint after concluding its allegations "reflect the ramblings of a troubled and delusional individual").  Giving Plaintiff the benefit of the doubt, the Court has provided Plaintiff the opportunity to amend his First Amendment claims of retaliation and interference with his mail, while dismissing all remaining claims.  However, Plaintiff is notified that, if his future allegations continue to be full of conspiracy theories, allegations of "black magic" and "voodoo", see doc. 4 at 2, or similar fantastical allegations, this action will be subject to dismissal due to frivolousness.  See 28 U.S.C. § 1915A.  Additionally, Plaintiff should not attempt to re-raise claims that have already been dismissed in this action.

## CONCLUSION

For the reasons laid out above, I **RECOMMEND** the Court **DISMISS** any claims by Plaintiff against Defendants for monetary damages in their official capacities, **DISMISS** Plaintiff's Eighth Amendment claims, **DISMISS** Plaintiff's Equal Protection claims, and **DENY** Plaintiff's various requests for injunctive relief.  As to any dismissed claims, I **RECOMMEND** the Court **DENY** Plaintiff *in forma pauperis* status on appeal.

I further **DIRECT** Plaintiff to file a Second Amended Complaint within 14 days of the date of this Order with regard to his First Amendment claims of retaliation and interference with mail, in compliance with the above-outlined directions.  Additionally, while this action is pending, Plaintiff shall immediately inform this Court in writing of any change of address.  Failure to abide by this directive will result in the Court dismissing this case for failure to

prosecute and failure to follow a court Order. The Court further **DIRECTS** the Clerk of Court to forward to Plaintiff a blank copy of the 42 U.S.C. § 1983 form complaint.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of November, 2019.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA